USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/07

**MEMO ENDORSED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SWEET, J.

| | |
|---|---|
| CARLOS RAY NORRIS,<br>a/k/a CHUCK NORRIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PENGUIN GROUP (USA), INC.,<br>a Delaware corporation, and<br>IAN SPECTOR, an individual, and<br>QUBEFACTOR, INC., a New York<br>Corporation, d/b/a QUBEFACTOR<br>TECHNOLOGIES,<br><br>Defendants. | Civil Action No. 07CV11480(RWS)<br><br>ORDER TO SHOW CAUSE<br>FOR PRELIMINARY INJUNCTION<br>AND TEMPORARY RESTRAINING<br>ORDER |

*[Handwritten endorsement: Application for a TRO denied after hearing the parties on the record. Plaintiff's preliminary injunction motion is due January 11, 2008 at noon. Conference will be held before Judge Sweet on January 16 at noon. /s/ Judge Cote   December 21, 2007]*

Upon the Declarations of Carlos Ray Norris, Deborah M. Lodge, and Michael G. Kessler, sworn to the ____ day of December, 2007, the exhibits annexed thereto and all pleadings herein, it is

ORDERED, that the above named defendants show cause before the Hon. _____, at Room _____, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on _____ ____, _____, at _____ o'clock in the ____ noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining each defendant and all those acting in concert with them who receives actual notice of the order by personal service or otherwise, from the following during the pendency of this action:

(a) further publication, advertising, promotion, sale or distribution of "The Truth About Chuck Norris" (the "Book");

4927640

(b) making any unauthorized use of the plaintiffs registered and common law trademarks (the "Norris Marks") including, but not limited to, Chuck Norris (U.S. Reg. Nos. 2864474 and 2124757), "Chuck Norris Facts" (U.S. Reg. Nos. 3220186 and 3213519), or any other confusingly similar mark;

(c) using Plaintiff's name, likeness, or persona in any advertisement or for any other commercial use without his advance written consent;

(d) making any further use of "truthaboutchucknorris.com" and "truthaboutchuck.com" (the "Domain Names") or any other Internet domain names incorporating, using or referring to the Norris Marks;

(e) making any false or misleading representations concerning Plaintiff or his endorsement of, approval of, or participation in the Book or any Defendants' actions;

(f) engaging in any activity infringing any of the Norris Marks;

(g) assisting, aiding or abetting any other person or entity from engaging in or performing any of the activities referred to herein; and

(h) Defendant Penguin shall immediately recall, repurchase, or otherwise obtain all unsold copies of the Book that have been distributed, delivered, sold or otherwise provided to wholesale distributors or retail merchants; all copies of the Book so recovered and/or currently in the possession of Defendant Penguin shall be tendered to the Court or otherwise accounted for and securely impounded pending trial on the merits; and it is further

ORDERED that, sufficient reason having been shown therefore, pending the hearing of plaintiff's application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the defendants and all those acting in concert with them who receives actual notice of the order by personal service or otherwise, are temporarily restrained and enjoined from:

4927640

(a) further publication, advertising, promotion, sale or distribution of the Book;

(b) making any unauthorized use of the Norris Marks, or any other confusingly similar mark;

(c) using Plaintiff's name, likeness, or persona in any advertisement or for any other commercial use without his advance written consent;

(d) making any further use of the Domain Names or any other Internet domain names incorporating, using or referring to the Norris Marks;

(e) making any false or misleading representations concerning Plaintiff or his endorsement of, approval of, or participation in the Book or any Defendants' actions;

(f) engaging in any activity infringing any of the Norris Marks; and

(g) assisting, aiding or abetting any other person or entity from engaging in or performing any of the activities referred to herein; and it is further

ORDERED that security in the amount of $_____ be posted by the plaintiff prior to _____ ___, _____, at _____ o'clock in the ____ noon of that day; and it is further

ORDERED that a copy of this Order and all papers upon which it is based shall be served no later than ____ days from the date hereof, upon defendants Penguin Group USA, Inc. and Qubefactor, Inc. by overnight courier or hand delivery to their place of business or by overnight courier or hand delivery to their counsel of record and upon defendant Ian Spector by overnight courier or hand delivery to the law office of his father, Neil Spector, Esq. at Neil S. Spector, PC, 300 Old Country Road, Suite 351, Mineola, New York 11501, and that such service shall be deemed good and sufficient service thereof; and it is further

4927640

ORDERED that any answering papers shall be served in hand or electronically to Plaintiff's counsel of record, Patton Boggs, LLP, 1675 Broadway, 31st Floor, New York, New York 10019, no later than 4:00 p.m. on _____, _____, _____, and that reply papers shall be served in hand or electronically to Defendants' counsel no later than 4:00 p.m. on _____, _____, _____.

DATED:    New York, New York

ISSUED:   _____M

_____
United States District Judge

4927640