Dean Ringel
Gail Johnston
Andrea R. Butler
CAHILL GORDON & REINDEL LLP
80 Pine Street, New York, New York
Telephone: (212) 701-3000
*Attorneys for Defendants*
*Penguin Group (USA) Inc., Ian Spector and Qubefactor, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
:
CARLOS RAY NORRIS,                    :   Civil Action No.: 07-CV-11480
a/k/a CHUCK NORRIS, an individual     :
:
            Plaintiff,                :
:
        - v -                         :
:
PENGUIN GROUP (USA), INC., a Delaware :
Corporation, IAN SPECTOR, an individual and :
QUBEFACTOR, INC., a New York Corporation, :
d/b/a QUBEFACTOR TECHNOLOGIES,        :
:
            Defendants.               :
:
------------------------------------- x

**ANSWER OF DEFENDANTS PENGUIN GROUP (USA) INC.,
IAN SPECTOR AND QUBEFACTOR, INC.**

Defendants Penguin Group (USA) Inc. ("Penguin"), Ian Spector ("Spector"), and QubeFactor, Inc. ("QubeFactor") (collectively, "Defendants"), by their attorneys Cahill Gordon & Reindel LLP, as and for their Answer to the Complaint of Plaintiff Carlos Ray Norris, a/k/a Chuck Norris, ("Norris" or "Plaintiff"), allege as follows.

1. To the extent paragraph 1 of the Complaint states legal theories upon which Plaintiff purports to proceed, it requires no response. To the extent paragraph 1 requires a response, Defendants deny the allegations of paragraph 1 of the Complaint.

2. Defendants deny the allegations of paragraph 2 of the Complaint, except admit that on or about October 24, 2007, Plaintiff, through his attorneys, sent Defendants Penguin and Spector a letter, and that Defendant Penguin responded by letter dated October 26, 2007 copying defendant Spector, and refer to the October 24 and October 26 letters for their true and complete contents. Defendants admit that on or about November 16, Plaintiff, through his attorneys, sent Defendant Penguin a second letter and that Defendant Penguin responded the same day by email copying defendant Spector and refer to the November 16 letter and November 16 email for their true and complete contents.

3. To the extent paragraph 3 of the Complaint simply identifies the relief Plaintiff seeks, it requires no response. To the extent paragraph 3 requires a response, Defendants deny the allegations of paragraph 3 of the Complaint.

4. Defendants deny knowledge sufficient to form a belief as to whether Norris is a resident of Texas, admit that he is an actor well known under his stage name "Chuck Norris," and otherwise deny the allegations of paragraph 4 of the Complaint.

5.  Defendants deny the allegations of paragraph 5 of the Complaint, except Penguin admits, and Defendants Spector and QubeFactor admit, upon information and belief, that Defendant Penguin is a Delaware Corporation with its principal place of business at 375 Hudson St., New York, New York 10014, and that Gotham Books is a division of Penguin, and Defendants admit that November 29, 2007 was the official publication date of "The Truth About Chuck Norris: 400 Facts About the World's Greatest Human," published by Gotham Books ("the Penguin Book").

6.  Defendant Spector admits, and Defendants Penguin and QubeFactor admit, upon information and belief, the first sentence of paragraph 6 of the Complaint. Defendants deny the second sentence of paragraph 6 of the Complaint, except admit that Defendant Ian Spector is the author of the Penguin Book. Defendants deny the third sentence of paragraph 6 of the Complaint, except that Defendants Spector and QubeFactor admit, and Defendant Penguin admits, upon information and belief, that Spector is President of QubeFactor and manages the Website at 4q.cc (the "Website"). Defendants deny the last sentence of paragraph 6 of the Complaint, except admit that the Website includes, among other things, material promoting the Penguin Book and deny knowledge or information sufficient to form a belief as to where the Website is "available to Internet users."

7.  Defendants Spector and QubeFactor admit, and Defendant Penguin admits, upon information and belief, the first sentence of paragraph 7 of the Complaint. Defendants deny the second and third sentences of paragraph 7 of the Complaint, except Defendants Spector and QubeFactor admit, and Defendant Penguin admits, upon information and belief, that Spector is President of QubeFactor and that QubeFactor is the registrant of the domain names "truth-

aboutchucknorris.com" and "truthaboutchuck.com". Defendants deny the last sentence of paragraph 7 of the Complaint, except admit that the domain names "truthaboutchucknorris.com" and "truthaboutchuck.com" link to the Website and that the Website includes, among other things, material that promotes the Penguin Book.

8. Defendants deny the allegations of paragraph 8 of the Complaint, except admit that Plaintiff purports to bring this action pursuant to, and to base jurisdiction on, the statutes identified therein, and to seek the relief alleged therein.

9. Defendant Penguin admits the allegations of paragraph 9 of the Complaint. Defendants Spector and QubeFactor admit, upon information and belief, the allegations of paragraph 9 of the Complaint.

10. Defendants deny the allegations of paragraph 10 of the Complaint, except Defendant Spector admits, and Defendants Penguin and QubeFactor admit, upon information and belief, that Spector is domiciled in New York and that this Court has personal jurisdiction over him.

11. Defendants deny the allegations of paragraph 11 of the Complaint, except Defendants Spector and QubeFactor admit, and Defendant Penguin admits, upon information and belief, that QubeFactor is a New York corporation headquartered in New York.

12. Defendants admit that venue is proper in this judicial district.

13. Defendants deny the allegations in paragraph 13 of the Complaint, except that Defendants admit, upon information and belief, that Norris is a "famous celebrity" and actor and is

known as "Chuck Norris;" that Norris has starred in films, including *Missing in Action* and *The Delta Force*; played the leading role in the television show "Walker, Texas Ranger;" is the six-time World Professional Middle Weight Karate Champion; was awarded an 8th degree Black Belt Grand Master recognition in the Tae Kwon Do system; founded the United Fighting Arts Federation and sponsors the World Combat League; and that Norris is listed as co-author on certain non-fiction and fiction books, including "Against All Odds," "The Secret of Inner Strength," and "A Threat to Justice."

14. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint, except admit, upon information and belief, that Norris has served as a spokesperson for the United Way and has visited veterans and active military personnel, including troops in Iraq. Defendants admit, upon information and belief, that Norris launched the KickStart program.

15. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint, except admit, upon information and belief, that Norris has registered the listed United States Trademark Registrations on the dates reflected in the Trademark Office's files and refer to those files for the complete contents thereof.

18. Paragraph 18 of the Complaint states legal conclusions that do not call for a response. To the extent any response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 21 of the Complaint, except admit that the website www.chucknorris.com exists and refer to it for its contents. Defendants admit that Exhibit B purports to be copies of selected pages from www.chucknorris.com.

22. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint. Defendants admit that Exhibit C purports to be a copy of pages from the "ChuckNorrisFacts.com" website.

24. Defendants deny the allegations in paragraph 24 of the Complaint, except admit that in 2005, Defendant Spector launched a "Chuck Norris Fact Generator" on the Website to create and disseminate mythical "facts" associating Norris's celebrity image with super-human abilities and that the "facts" set forth in subparagraphs a to d have appeared on the Website.

25. Defendants deny the allegations of paragraph 25 of the Complaint, except admit that Defendant Spector decided to use Norris as the subject for new humorous, satirical, and/or mythical "facts" in the summer of 2005 after conducting a survey at the Website, and admit that proposed "Chuck Norris Facts" can be submitted to the Website for review, editing and possible posting by Defendant Spector, and admit that Exhibit D to the Complaint includes examples of historic pages from the Website.

26. Defendants deny the allegations of paragraph 26 of the Complaint, except admit that Norris has not objected to the use of his name in connection with the "Chuck Norris Facts."

27. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 27 of the Complaint.

28. Defendants Spector and QubeFactor deny, and Defendant Penguin denies, upon information and belief, the allegations of paragraph 28 of the Complaint, except Defendants Spector and QubeFactor admit, and Defendant Penguin admits, upon information and belief, that Defendant QubeFactor registered the domain names "truthaboutchucknorris.com" and "truthaboutchuck.com," and that Defendants Spector and QubeFactor neither sought not requested Norris's authorization and aver that such authorization was not required.

29. Defendants deny the allegations of paragraph 29 of the Complaint, except admit that the domain name is referred to in certain Gotham materials and that such domain name links to a website that includes, among other expressive content, information promoting the book.

30. Defendants deny the allegations of paragraph 30 of the Complaint, except admit that the domain names "truthaboutchucknorris.com" and "truthaboutchuck.com" currently link to

a website that includes, among other expressive content, an advertisement for the Penguin Book, and that other "Chuck Norris Facts" are also available on the Website. Defendants admit that Exhibit E to the Complaint contains copies of what purport to be historic pages from the 4q.cc website, and that the Website carries advertising for the Penguin Book along with other information as part of the website located at 4q.cc, which contains, among other things, humorous, parody or satirical statements about Norris, and that Norris does not have control over the Website.

31.   Defendants deny the allegations of paragraph 31 of the Complaint, except admit that November 29, 2007 was the official publication date for "The Truth About Chuck Norris: 400 Facts About the World's Greatest Human" (the "Penguin Book"), and admit that Defendant Penguin's Gotham Books division is the publisher of the Penguin Book.

32.   Defendants deny the allegations of paragraph 32 of the Complaint, except admit that Defendant Spector is the author of the Penguin Book, that Spector received a monetary advance from Gotham Books, and that Spector is a party to a contract pursuant to which he will receive royalties on sales of the Penguin Book.

33.   Defendants deny the allegations of paragraph 33 of the Complaint, except admit that the cover of the Penguin Book includes the title "The Truth About Chuck Norris: 400 Facts About the World's Greatest Human" and a cartoon image of Norris standing on a dinosaur while crushing the earth. Defendants admit that the image reproduced in paragraph 33 of the Complaint is an image of the cover of the Penguin Book that was available prior to the Penguin Book's official November 29, 2007 publication date. Defendants aver that the Penguin Book is a parody, classified as humor, and includes satirical, farcical or fanciful "facts" about Plaintiff. Defendants refer to the Preface, Acknowledgements and text of the Penguin Book as published

for their contents. Defendants aver that the Preface and Acknowledgements have been modified in all printings of the Book subsequent to the institution of this lawsuit and to Plaintiff's focus at the hearing seeking a restraining order on passages in these portions of the Penguin Book.

34. Defendants deny the allegations of paragraph 34 of the Complaint, except admit that neither Penguin nor Gotham Books sought nor obtained Norris's permission to refer to his name or to invoke his image in connection with the Penguin Book, and aver that such permission was not required.

35. Defendants deny the allegations of paragraph 35 of the Complaint, except admit that on or about October 24, 2007, Norris, through his attorneys, sent a letter to Defendants Penguin and Spector, and that a copy of that letter is annexed as Exhibit G to the Complaint. Defendants refer to Exhibit G for the contents of the October 24, 2007 letter.

36. Defendants deny the allegations of paragraph 36 of the Complaint, except admit that by letter dated October 26, 2007, defendant Penguin rejected Plaintiff's claims, and that a copy of that letter copying defendant Spector (who did not separately reply) is annexed as Exhibit H to the Complaint. Defendants refer to Exhibit H for the contents of Penguin's October 26, 2007 letter.

37. Defendants deny the allegations of paragraph 37 of the Complaint, except admit that on or about November 16, 2007, Norris, through his attorneys, sent a letter to Defendant Penguin, and that a copy of that letter is annexed as Exhibit I to the Complaint. Defendants refer to Exhibit I for the contents of the November 16, 2007 letter and its attachment for a copy of the article to which it refers.

38. Defendants deny the allegations of paragraph 38 of the Complaint, except admit that Defendant Penguin responded promptly to Plaintiff's November 16, 2007 letter by email copying defendant Spector and reiterating its prior position, and that a copy of Penguin's response is annexed as Exhibit J to the Complaint. Defendants refer to Exhibit J for the contents of the November 16, 2007 email.

39. Defendants deny the allegations of paragraph 39 of the Complaint, except admit that they did not need, and did not seek or obtain approval from Norris to use his name in the title or contents of the Penguin Book, which is a work of parody, and received Plaintiff's letters of October 24 and November 16, 2007 on those dates.

40. Defendants admit that the Penguin Book is promoted and sold throughout the United States and internationally through "brick and mortar" retailers and on-line and that those carrying the Penguin Book include Amazon.com, Barnes and Noble, and Books a Million, among many others, and admit that Exhibit G, Annex 2 purports to include copies of certain online retailer's advertisements for the Penguin Book. Defendants deny the remainder of the allegations of paragraph 40 of the Complaint.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 42 of the Complaint.

43. Defendants repeat and reallege the responses to paragraphs 1 through 42 as if fully set forth herein in response to paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants repeat and reallege the responses to paragraphs 1 through 48 as if fully set forth herein in response to paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

55. Defendants repeat and reallege the responses to paragraphs 1 through 54 as if fully set forth herein in response to paragraph 55 of the Complaint.

56. To the extent paragraph 56 of the Complaint states legal theories upon which Plaintiff purports to proceed, it requires no response. To the extent paragraph 56 requires a response, Defendants deny the allegations of paragraph 56 of the Complaint.

57. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 57 of the Complaint.

58. Defendants deny the allegations of paragraph 58 of the Complaint.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

61. Defendants deny the allegations of paragraph 61 of the Complaint.

62. Defendants deny the allegations of paragraph 62 of the Complaint.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants repeat and reallege the responses to paragraphs 1 through 65 as if fully set forth herein in response to paragraph 66 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

72. Defendants deny the allegations of paragraph 72 of the Complaint.

73. Defendants deny the allegations of paragraph 73 of the Complaint.

74. Defendants repeat and reallege the responses to paragraphs 1 through 73 as if fully set forth herein in response to paragraph 74 of the Complaint.

75. Defendants deny the allegations of paragraph 75 of the Complaint.

76. Defendants deny the allegations of paragraph 76 of the Complaint.

77. Defendants deny the allegations of paragraph 77 of the Complaint.

78. Defendants deny the allegations of paragraph 78 of the Complaint.

79. Defendants deny the allegations of paragraph 79 of the Complaint.

80. Defendants deny the allegations of paragraph 80 of the Complaint.

81. Defendants repeat and reallege the responses to paragraphs 1 through 80 as if fully set forth herein in response to paragraph 81 of the Complaint.

82. Defendants deny the allegations of paragraph 82 of the Complaint.

83. Defendants deny the allegations of paragraph 83 of the Complaint.

84. Defendants admit that they received the October 24 and November 16, 2007 letters and otherwise deny the allegations of paragraph 84 of the Complaint.

85. Defendants deny the allegations of paragraph 85 of the Complaint.

86. Defendants deny the allegations of paragraph 86 of the Complaint.

87. Defendants deny the allegations of paragraph 87 of the Complaint.

88. Defendants deny the allegations of paragraph 88 of the Complaint.

89. Defendants repeat and reallege the responses to paragraphs 1 through 88 as if fully set forth herein in response to paragraph 89 of the Complaint.

90. Defendants deny the allegations of paragraph 90 of the Complaint.

91. Defendants deny the allegations of paragraph 91 of the Complaint.

92. Defendants repeat and reallege the responses to paragraphs 1 through 91 as if fully set forth herein in response to paragraph 92 of the Complaint.

93. Defendants deny the allegations of paragraph 93 of the Complaint.

94. Defendants deny the allegations of paragraph 94 of the Complaint.

95. Defendants deny the allegations of paragraph 95 of the Complaint.

96. To the extent paragraph 96 of the Complaint states legal theories upon which Plaintiff purports to proceed, it requires no response. To the extent paragraph 96 requires a response, Defendants deny the allegations of paragraph 96 of the Complaint.

97. Defendants repeat and reallege the responses to paragraphs 1 through 96 as if fully set forth herein in response to paragraph 97 of the Complaint.

98. Defendants deny the allegations of paragraph 98 of the Complaint.

99. To the extent paragraph 99 of the Complaint states legal theories upon which Plaintiff purports to proceed, it requires no response. To the extent paragraph 99 requires a response, Defendants deny the allegations of paragraph 99 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

100. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

101. Plaintiff's claims are barred, in whole or in part, by the First Amendment.

### AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

102. Plaintiff's claims are barred, in whole or in part, by Article I, Section VIII of the New York Constitution.

### AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

103. Plaintiff's claims are barred, in whole or in part, by Article I, Section VIII of the Texas Constitution.

### AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

104. Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

## AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

105. The marks relied upon by Norris are unenforceable because Plaintiff's purported use of them would render him a "walking, talking trademark", a purported use inconsistent with trademark law and applicable federal and state constitutions.

## AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

106. Plaintiff's claims are barred, in whole or in part, because the alleged damages are too speculative.

## AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

107. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

108. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

109. Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence.

## AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

110. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

111. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

112.    Defendants reserve the right to assert any affirmative defense that may be discovered or become available between now and the time that judgment, if any, is rendered in this action.

113.    The conduct of Plaintiff in bringing this lawsuit, including its timing, and the absence of merit in Plaintiff's claims, render this an exceptional case justifying an award of attorney's fees to Defendants under the applicable statutes.

WHEREFORE, Defendants demand judgment against Plaintiff: dismissing the Complaint with prejudice; awarding Defendants the reasonable costs of this action, including reasonable attorneys' fees; and granting Defendants such other and further relief as the Court deems just and proper.

Dated: New York, N.Y.
February 8, 2008

By: /s/ Dean Ringel
Dean Ringel (DR 0446)
Gail Johnston (GJ 3180)
Andrea R. Butler (AB 1577)
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
(212) 701-3000 (phone)
(212) 269-5420 (fax)

Attorneys for Defendants Penguin Group (USA) Inc., Ian Spector and Qubefactor, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS RAY NORRIS, a/k/a CHUCK NORRIS, and individual,

                                Plaintiff,

- against -

PENGUIN GROUP (USA), INC., a Delaware Corporation, IAN SPECTOR, an individual and QUBEFACTOR, INC., a New York Corporation, d/b/a QUBEFACTOR TECHNOLOGIES,

                              Defendants.

Civil Action No.: 07-CV-11480

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                    : ss.:
COUNTY OF NEW YORK  )

        DAVID BAILEY, being duly sworn, deposes and says:

1.    I am over the age of 18 years and not a party to this action.

2.    On the 8th day of February, 2008 I served the annexed ANSWER OF DEFENDANTS PENGUIN GROUP (USA) INC., IAN SPECTOR AND QUBEFACTOR, INC. upon:

        Anthony J. Laura, Esq.
        Patton Boggs LLP
        1185 Avenue of the Americas
        30th Floor
        New York, NY 10036

by personally hand delivering a true and correct copy thereof to the office of the above-mentioned attorney.

                                              _____
                                              DAVID BAILEY

Sworn to before me this
8th day of February, 2008

_____
Notary Public

Notary ...
Qualified in Monmouth County
Commission Expires Feb. 12, 2011