```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

CARLOS RAY NORRIS,
a/k/a CHUCK NORRIS,

                    Plaintiff,            07 Civ. 11480

     -against-                             OPINION

PENGUIN GROUP (USA), INC.,
IAN SPECTOR, and QUBEFACTOR, INC.,
d/b/a QUBEFACTOR TECHNOLOGIES,

                    Defendants.

-------------------------------------X
```

A P P E A R A N C E S:

> Attorney for Plaintiffs
>
> PATTON BOGGS LLP
> 1675 Broadway, 31st Floor
> New York, NY  10019-5820
> By: Deborah M. Lodge, Esq.
>
> Attorney for Defendants
>
> CAHILL GORDON & REINDEL LLP
> 80 Pine Street
> New York, NY  10005
> By: Dean I. Ringel, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/08

**Sweet, D.J.**

Plaintiff Carlos Ray Norris a/k/a Chuck Norris ("Norris") has moved for a preliminary injunction. For the reasons stated below, the Court consolidates the hearing on the preliminary injunction with the trial on the merits.

**Prior Proceedings**

On December 21, 2007, Norris filed a complaint against Penguin Group, Ian Spector and Qubefactor, Inc., asserting federal and common law claims of trademark infringement, false endorsement, unfair competition, false designation of origin, and dilution of a famous trademark, as well as violations of anti-cybersquatting law, rights of publicity and privacy, and unjust enrichment. See Complaint ¶¶ 43-99.

Norris, a famous actor and martial arts specialist, alleges that defendants have misappropriated and exploited his name and likeness without authorization for their own commercial profit in a book titled "The Truth About Chuck Norris" (the "Book") and through registration and use of the Internet domain names

"truthaboutchucknorris.com" and "truthaboutchuck.com," (the "Domain Names") to the harm and diminishment of Norris's rights to control the commercial use of his name and image. Id. ¶ 1.

On December 21, 2007, Judge Cote heard and denied plaintiff's motion for a temporary restraining order.

**The Hearing on Plaintiff's Motion for a Preliminary Injunction is Consolidated with the Trial on the Merits**

On January 11, 2008, plaintiff filed the present motion, which was scheduled to be heard on March 20, 2008. Prior to argument, the parties indicated their ability to go forward with trial on an expedited basis and with limited discovery. The Court therefore exercises its authority under Fed. R. Civ. P. 65(a)(2)[1] to consolidate the preliminary injunction hearing with trial on the merits. The parties will submit an expedited discovery plan. Trial is set for May 5, 2008.

---

[1] Fed. R. Civ. P. 65(a)(2) states, in relevant part: "Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."

It is so ordered.

New York, N.Y.
March 24, 2008

/s/ Sweet
_____
ROBERT W. SWEET
U.S.D.J.